CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 4 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CAROL PARRIS, | ) |
| | ) Civil Action No. 7:05CV00240 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, Commissioner | ) |
| of Social Security, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) United States District Judge |
| | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Carol Parris, was born on July 4, 1963 and eventually completed her high school education. Mrs. Parris also attended college for a period of time. She has worked in a variety of jobs, including cashier, waitress, desk clerk, parts manufacturer, landscaper, and stocker. Mrs. Parris was last employed in 2001. On December 10, 2002, plaintiff filed an application for supplemental security income benefits. She alleged that she became disabled for

all forms of substantial gainful employment on June 1, 2001 due to Harrington rods in her back. She now maintains that she has remained disabled to the present time.

Plaintiff's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 3, 2004, the Law Judge also ruled that Mrs. Parris is not disabled. The Law Judge found that plaintiff experiences curvature of the spine, status post surgery with placement of two Harrington rods, and congenital connective tissue disorder/Ehlers-Danlos syndrome. Based on the short-term nature of her past work roles, the Law Judge held that Mrs. Parris has no past relevant work within the meaning of 20 C.F.R. §§ 416.960(b)(1) and 416.972. The Law Judge assessed plaintiff's residual functional capacity as follows:

> The claimant retains the residual functional capacity . . . to perform work activity at the light exertional level. She is able to lift/carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and could occasionally perform postural functions, and should avoid concentrated exposure to hazards such as machinery or heights. (TR 24)

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Parris retains sufficient functional capacity for several specific light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Parris is not disabled, and that she is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration Appeals Council. Having exhausted all available administrative remedies, Mrs. Parris has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The medical record indicates that Mrs. Parris suffered from scoliosis as a child. Two Harrington rods were surgically implanted to correct the curvature of her spine. At some point in more recent years, one of the rods failed. Mrs. Parris began to suffer from low back pain with left lower extremity radiculopathy. The pain became increasingly severe. During the period of time adjudicated by the Administrative law Judge, Mrs. Parris received spinal injections for pain control. Nevertheless, based on reports from consultative physicians, the Law Judge held that plaintiff's back pain was not so severe as to prevent performance of a limited range of light work.

Subsequent to the final decision of the Commissioner, new medical evidence was submitted by plaintiff. The new medical evidence includes a report from plaintiff's treating orthopaedic surgeon, which indicates that Mrs. Parris is totally disabled. More importantly, the new medical records include a report from the University of Virginia Hospital covering a period of hospitalization from March 15, 2005 through March 21, 2005. During that period, plaintiff underwent a twelve hour surgical procedure for posterior spine fusion to correct joint deformity from T12 down to the sacral pelvis, and removal of the Harrington rods, with reinstrumentation with pedicle screws in the lumbar spine and iliac screws in the pelvic bone using new titanium rods in the lumbar spine. She also

underwent decompression with a laminectomy at L5-S1. Following the surgery, her orthopaedic surgeon again opined that Mrs. Parris is totally disabled. Plaintiff now seeks remand of her case to the Commissioner for consideration of the new medical evidence.

In <u>Borders v. Heckler</u>, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." <u>Mitchell v. Schweiker</u>, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. <u>King v. Califano</u>, 599 F.2d, 597, 599 (4th Cir. 1979); <u>Sims v. Harris</u>, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. <u>King</u>, 599 F.2d at 599.

777 F.2d at 955.

The court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for consideration of the new medical evidence. Mrs. Parris has submitted all of the new reports to the court, so there is no question as to the nature of the new evidence. Furthermore, inasmuch as the new surgical procedure was conducted as part of the ongoing treatment of plaintiff's condition, there is clearly "good cause" for failure to submit the new evidence during the period of time the claim was under consideration by the Commissioner.

In response to plaintiff's motion for remand, the Commissioner argues that the new evidence does not "relate back" to the period of time which was considered by the Administrative Law Judge. However, the court notes that Mrs. Parris was being treated for severe back pain even during this earlier period, and that she had undergone spinal injections in an attempt to relieve her discomfort.

Moreover, even during the earlier period, it was clear that plaintiff had experience a failure of her Harrington rods. It was this condition which eventually necessitated the surgery at the University of Virginia Medical Center. Considering the history of plaintiff's back impairment, the court believes that the new evidence is clearly relevant to a determination of her capacity for work during the period of time prior to the issuance of the Law Judge's decision on August 3, 2004, and that the new evidence is clearly not cumulative.

Finally, the court believes that the new medical evidence is probative, and that consideration of the reports by the Commissioner might well result in a different disposition as to plaintiff's claim for supplemental security income benefits. Obviously, the medical specialists believe that the failure of the Harrington rods was important, and that there was cause for plaintiff's complaint of serious back pain. Otherwise, it would not have been necessary to perform such major surgery. The court also notes that the treating orthopaedic surgeon felt that Mrs. Parris was disabled both before and after the surgical procedure. There is no indication of any worsening in her condition, or any traumatic back injury during the short period of time since the Law Judge's decision on August 3, 2004. Accordingly, the court concludes that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. See Borders v. Heckler, supra.

The court has determined that proper adjudication of plaintiff's claim for benefits can be effected only through consideration of the new medical evidence. Therefore, upon plaintiff's demonstration of "good cause," the court must remand the case to the Commissioner for further development and consideration. 42 U.S.C. § 405(g). An appropriate judgment and order will be entered this day. If the Commissioner is unable to decide this case in plaintiff's favor based on the existing record and the new medical evidence, the Commissioner will conduct a supplemental

administrative hearing at which both sides will be allowed to present additional evidence and argument.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 24th day of October, 2005.

_____
United States District Judge